# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Donna Houck, | ) | Civil Action No. 1:14-cv-04153-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Dr. Robert Jones, and United States, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court pursuant to Plaintiff Donna Houck's ("Plaintiff") Motion to Remand the case to the Court of Common Pleas for Allendale County, South Carolina. (ECF No. 16.) Defendant United States[1] ("United States") submits that its Motion to Dismiss (ECF No. 6) the action for lack of subject matter jurisdiction should be granted, but does not oppose Plaintiff's Motion to Remand once Plaintiff's action against the United States has been dismissed. (ECF No. 19.) Defendant Dr. Robert Jones ("Defendant Jones") did not respond to Plaintiff's Motion to Remand.[2] For the reasons set forth herein, the court **SEVERS** Plaintiff's claims against the United States and Defendant Jones, **GRANTS** the United States' Motion to Dismiss (ECF No. 6) as to claims against the United States, and **GRANTS** Plaintiff's Motion to Remand (ECF No.16) as to claims against Defendant Jones.

---

[1] Low Country Health Care System, Inc. ("LCHCS") had initially been named Defendant. By order of this court, LCHCS was substituted with the United States pursuant to 28 U.S.C. § 2679(d)(2). (ECF No. 12.)

[2] On May 14, 2015, Defendant Jones filed a Motion to Alter or Amend Order, or in the alternative, Petition for Certification of Scope of Employment Status in Civil Action No. 1:14-cv-04159-JMC. He notes in this Petition that he seeks the same remedy in this related case. On May 15, 2015, the Clerk of Court made a docket entry alerting Defendant Jones that he could not spread the entry of this Petition into this and other related cases because they are not associated. However, Defendant Jones failed to file this Petition in this case. Therefore, it will not be considered here.

1

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On or around September 19, 2011, Plaintiff alleges Defendant Jones sexually assaulted her during a medical appointment at Low Country Health Care System, Inc.'s ("LCHCS") facility.  (ECF No. 1-1 at 4 ¶ 4, 5-6 ¶¶ 13-15.)    Defendant Jones was an employee of LCHCS during this time.  (Id. at 4 ¶ 5.)  On September 16, 2013, Plaintiff filed a Complaint[3] in the Court of Common Pleas for Allendale County, South Carolina, alleging negligence against LCHCS, malicious prosecution against Defendant Jones with LCHCS' aid, outrage against Defendant Jones, and false imprisonment against Defendant Jones with LCHCS's assistance.  (Id. at 1, 7 ¶ 23, 8 ¶ 27, 9 ¶¶ 33, 37.)   For jurisdictional purposes, Plaintiff alleged she is a citizen of South Carolina, Defendant Jones operates as a physician in South Carolina, and LCHCS operates as a healthcare provider in South Carolina.  (Id. at 4 ¶¶ 1–3.)

The United States Attorney for the District of South Carolina certified that LCHCS, as an entity covered by the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)–(n), was acting as an employee of the United States under the Federal Tort Claims Act ("FTCA") during the incidents involved here.  (ECF No. 1-3 at 1–2.)   Defendant Jones, however, was not certified as acting within the scope of his employment and cannot be deemed an employee of the federal government.  (ECF 1-3 at 2.)

 On October 24, 2014, the United States filed a Notice of Removal, as concerns LCHCS,

---

[3] The court notes this Complaint is substantially similar to the attachment to Plaintiff's Notice of Intent to File Suit in state-court civil action number 2013-CP-03-164 which was removed to this court on October 24, 2014, under Civil Action No. 1:14-cv-04154-JMC.   The sole difference here is that Plaintiff has dropped her negligence cause of action against Defendant Jones. (ECF No. 1-1 at 7.)  However, there appears to be no basis as to why this Complaint has been filed in a separate action instead of filing the Complaint within the prior Notice of Intent to File Suit litigation of state-court action number 2013-CP-03-164 as Plaintiff has also filed two other suits with Complaints identical to her attachment to Notice of Intent to File Suit, state-court civil action numbers 2013-CP-03-165 and 2013-CP-03-049.  These cases were removed to this court as Civil Action Nos. 1:14-cv-04156 and 1:14-cv-04157, respectively.

asserting that the action should be removed pursuant to 42 U.S.C. § 233(c), which calls for any civil action or proceeding in a state court to be removed upon the Attorney General's certification that the defendant was acting within the scope of its employment at the time of the incident at issue and the action be treated as a tort action against the United States under Title 28.[4]  (ECF No. 1 at 2–3 ¶ 6.)  The United States cited that any civil suit brought in a state court against the United States is removable to the United States district court "for the district and division embracing the place wherein it is pending."  (ECF No. 1 at 3 ¶ 7 (citing 28 U.S.C. § 1442(a)(1)).)

On November 3, 2014, the United States filed a Motion to Dismiss the action pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, arguing that Plaintiff failed to exhaust her administrative remedies before filing suit pursuant to the FTCA. (ECF No. 6 at 1; ECF No. 6-1 at 4.)  On December 12, 2014, Plaintiff filed a Motion to Remand, asserting that no basis of removal exists as to claims against Defendant Jones.  (ECF No. 16-1 at 2.)  Plaintiff urges the court to remand the entire matter or sever and remand the claims against Defendant Jones pursuant to 28 U.S.C. § 1441(c)(2).  (Id. at 2–3.)  The United States filed a Response to Plaintiff's Motion to Remand on January 5, 2015.  (ECF No. 19 at 1.)

## II.     JURISDICTION

The court has jurisdiction over Plaintiff's claims against the United States pursuant to 28 U.S.C. § 1331 because these claims were removed to this court under 42 U.S.C. § 233(c) once LCHCS was certified by the U.S. Attorney for the District of South Carolina as acting in the scope of its employment during the incidents giving rise to this suit.  (See ECF No. 1 at 2-3.)

---

[4] The Notice of Removal was filed on behalf of LCHCS only.

### III.    LEGAL STANDARD AND ANALYSIS

A. <u>Severance of Plaintiff's Claims Against the United States and Defendant Jones</u>

Rule 21 of the Federal Rules of Civil Procedure provides that the court may "sever any claim against a party." Fed. R. Civ. P. 21. A court severing claims against parties to a suit under Rule 21 has "virtually unfettered discretion in determining whether or not severance is appropriate." <u>Grayson Consulting, Inc. v. Cathcart</u>, No. 2:07-cv-02992-DCN, 2014 WL 1512029, at *2 (D.S.C. Apr. 8, 2014) (internal citation and quotations omitted). Four factors are considered in evaluating severance under Rule 21: (1) whether the issues sought to be severed are "significantly different from one another;" (2) whether the issues require different witnesses and evidence; (3) whether the "party opposing severance will be prejudiced; and (4) whether the party requesting severance will be prejudiced if the claims are not severed." <u>Id.</u> (citation omitted). Additionally, when a civil action is removed, 28 U.S.C. § 1441(c)(2) provides that the court may sever and remand to the state court from which it was removed any claim that is not within the original or supplemental jurisdiction of the court. 28 U.S.C. § 1441(c)(2).

Plaintiff moves for remand of this action or, alternatively, for claims against Defendant Jones to be severed and remanded. (ECF No. 16-1 at 3.) The United States does not oppose severance of the claims against itself and Defendant Jones. (<u>See</u> ECF No. 19.) Defendant Jones did not respond to Plaintiff's Motion to Remand.

It is appropriate to sever the claims against the United States and Defendant Jones. While the claims do involve the same facts, Plaintiff would be unduly prejudiced if the claims against both the United States and Defendant Jones were dismissed because the statute of limitations as to claims against Defendant Jones has expired. (ECF No. 16-1 at 2.) <u>See</u> <u>Grayson</u>, 2014 WL 1512029, at *2. In light of the potential prejudice to Plaintiff and neither Defendant's

4

opposition, Plaintiff's claims against the United States and Defendant Jones are severed.

 B. <u>Dismissal of Plaintiff's FTCA Claims Against the United States Pursuant to Rule 12(b)(1)</u>

The party invoking federal jurisdiction has the burden of proof. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560–61 (1992). The Fourth Circuit has held that "[w]hen a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence . . . and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." <u>Evans v. B.F. Perkins Co.</u>, 166 F.3d 642, 647 (4th Cir. 1999) (quoting <u>Richmond, Fredericksburg & Potomac R.R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." <u>Richmond, Fredericksburg & Potomac R.R. Co.</u>, 945 F.2d at 768.

As a sovereign, the United States is immune from suit unless it consents to be sued. <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941). The United States may define the terms and conditions upon which it can be sued. <u>Soriano v. United States</u>, 352 U.S. 270, 276 (1957). The FTCA is a waiver of sovereign immunity with certain specific limitations. 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671–2680. The limitations on the FTCA's waiver of sovereign immunity are to be strictly construed. <u>Sherwood</u>, 312 U.S. at 590; <u>see also</u> <u>Childers v. United States</u>, 442 F.2d 1299, 1303 (5th Cir. 1971) (holding plaintiff's claim barred by the six month period limitation of Title 28 § 2401(b) because the provision is entitled to strict construction and equitable considerations do not extend that period).

The FTCA "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993). A claimant must first present their claim to the appropriate federal agency before instituting an action against

5

the United States for injury or loss caused by the negligence or wrongful act of a government employee acting within the scope of his or her employment.  28 U.S.C. § 2675(a).  After presentment of the administrative claim, suit cannot be commenced until the agency denies the claim or six months have elapsed.  Id.  A claim is "presented" to an agency when that agency receives an "executed Standard Form 95 or other written notification of an incident . . . ." Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994) (quoting 28 C.F.R. § 14.2(a)) (internal quotations omitted).  A tort claim against the United States must be presented to the appropriate federal agency within two years after the claim accrues, otherwise, such a claim is barred.  28 U.S.C. § 2401(b).  This administrative process is jurisdictional and cannot be waived. Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986).

Plaintiff's claims against the United States should be dismissed pursuant to Rule 12(b)(1).  Plaintiff was required to present her claim to the appropriate federal agency before filing suit in court.  See 28 U.S.C. § 2675(a).  Plaintiff filed her Complaint in state court on September 16, 2013, but she did not file an administrative claim with the Department of Health and Human Services until September 19, 2013.  (ECF No. 1-1 at 1; ECF No. 1-2 at 1–2 ¶ 4.) Plaintiff failed to exhaust her administrative remedies before filing suit, and her suit is thus barred.  See McNeil, 508 U.S. at 113.  Because this administrative process is jurisdictional, this court lacks subject matter jurisdiction.  See Henderson, 785 F.2d at 123.  Therefore, the United States' Motion to Dismiss pursuant to Rule 12(b)(1) is granted.

   C. <u>Plaintiff's Motion to Remand as to Claims Against Defendant Jones</u>

Federal courts are courts of limited jurisdiction.  A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter.  28 U.S.C. § 1441(a).  A federal court has original jurisdiction over "all civil actions arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Where the Attorney General certifies that a defendant employed by the Public Health Service was "acting in the scope of his employment at the time of the incident out of which the suit arose," the suit will be removed from state court and treated as a tort action against the United States under Title 28.[5] 42 U.S.C. § 233(a), (c). Absent this certification, removal pursuant to 42 U.S.C. § 233(c) is not possible. Metcalf v. West Suburban Hosp., 912 F. Supp. 382, 385 (N.D. Ill. 1996).

A federal court also has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . ." 28 U.S.C. § 1332(a). In cases in which the district court's jurisdiction is based on diversity of citizenship, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. See Strawn v. AT&T Mobility LLC, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction, party invoking federal jurisdiction must allege same in notice of removal and, when challenged, demonstrate basis for jurisdiction). Because federal courts are forums of limited jurisdiction, any doubts as to whether a case belongs in federal or state court should be resolved in favor of state court. See Auto Ins. Agency, Inc. v. Interstate Agency, Inc., 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted). Under Section 1332, there must be complete diversity of all parties. Strawbridge v. Curtiss, 7 U.S. 267, 267 (1806). Complete diversity exists where "no party shares common citizenship with any party on the other side." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).

Plaintiff's claims against Defendant Jones cannot be removed pursuant to 28 U.S.C. §

---

[5] An entity, officer, governing board member, employee, or contractor of an entity may be deemed an employee of the Public Health Service pursuant to 42 U.S.C. § 233(g)–(i). See 42 U.S.C. § 233(g)–(i).

1331 because Defendant Jones was not certified as acting within the scope of his employment at LCHCS during the incidents giving rise to this action. (ECF No. 1-3 at 2.) Therefore, claims against Defendant Jones may not be removed under 42 U.S.C. § 233(c), as it requires certification that the defendant was acting within the scope of his or her employment during the events leading to the action in order for that action to be removed. See 42 U.S.C. § 233(c). Since Defendant Jones was not certified as acting in the scope of his employment here, this action may not be removed pursuant to federal question jurisdiction. See Metcalf, 912 F. Supp. at 385.

Further, Plaintiff's claims against Defendant Jones may not be removed under 28 U.S.C. § 1332 because Plaintiff and Defendant Jones, for jurisdictional purposes, are both citizens of the State of South Carolina. (ECF No. 1-1 at 4 ¶¶ 1–2.) Complete diversity does not exist here. See Strawbridge, 7 U.S. at 267. As the court does not have original jurisdiction over Plaintiff's claims against Defendant Jones, the court remands these claims to state court.

### IV.     CONCLUSION

For the foregoing reasons, the court hereby **SEVERS** Plaintiff's claims against the United States and Defendant Jones. The court **GRANTS** the United States' Motion to Dismiss (ECF No. 6) as to claims against the United States. The court **GRANTS** Plaintiff's Motion to Remand (ECF No. 16) as to claims against Defendant Jones and **REMANDS** Plaintiff's action against Defendant Jones to the Court of Common Pleas of Allendale County, South Carolina for further proceedings.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

June 23, 2015
Columbia, South Carolina